Todd M. Friedman (216752)
Adrian R. Bacon (2803332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ROACH, ) | CASE NO.: |
| ) | |
| ) | COMPLAINT |
| PLAINTIFF, ) | |
| ) | 1. Violation of the Fair Credit Reporting Act |
| -vs- ) | 2. Violation of California Consumer Credit Reporting Agencies Act |
| ) | |
| QUICKEN LOANS, LLC; and DOES 1-10 ) | |
| inclusive, ) | (Amount Not to Exceed $25,000) |
| ) | |
| Defendant. ) | **JURY TRIAL DEMAND** |

## I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA") and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 (a) (hereinafter "CA CCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

## II. PARTIES

2.      Plaintiff, BRIAN ROACH ("PLAINTIFF"), is a natural person residing in Orange County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1681a and *Cal. Civ. Code* §1785.3(a) .

3.      At all relevant times herein, Defendant QUICKEN LOANS, LLC (hereinafter "DEFENDANT") was a company who regularly provides information to consumer reporting

agencies and is therefore an "information furnisher" as defined by the FCRA and CCRA. At all relevant times, DEFENDANT was a "person" as that term is defined by *Cal. Civ Code* §1785.3(j).

.

### III. FACTUAL ALLEGATIONS

5.　　At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant permitted derogatory information to be placed on Plaintiff's credit report that Plaintiff on behalf of an alleged debt However, such reporting was false, misleading, or incomplete.

6.　　Plaintiff's mortgage loan number with Defendant Quicken Loan ends in -5112.

7.　　On December 27, 2019, Plaintiff issued an auto payment through Defendant Quicken Loans' website for three thousand five hundred fifty-one dollars and twenty-one cents ($3,5551.21) and was given the confirmation number: 3F6WR73R. The account number was verified twice at the time of submission.

8.　　On December 27. 2019 Plaintiff received an email from Defendant Quicken Loans stating that his payment had been scheduled.

9.　　On December 28, 2019 Plaintiff received another email from Defendant Quicken Loans stating the payment had been applied to his account.

10.　　However, on January 3, 2020, Plaintiff was that the automatic drafting from her account was unsuccessful.

11.　　Plaintiff immediately contacted Defendant Quicken Loans' customer service, who confirmed that Plaintiff's routing number and checking account number were accurate. Defendant Quicken Loans' customer service representative suggested that error was a bank error and that Plaintiff should contact his bank.

12.　　Plaintiff contacted his bank and was told that there was never any automated payment presented to his account for the mortgage payment in the amount of $3,551.21.

13.　　On or around January 4, 2020, Plaintiff called Defendant Quicken Loans' customer service. Through Plaintiff and Defendant Quicken Loans had verified the initial account information provided by Plaintiff on December 27. 2020 as accurate, Defendant Quicken

Loans now told him the news that checking account Defendant Quicken Loans drafted to Plaintiff's bank has one extra zero added to the number.

14.   Plaintiff requested assistance from Defendant Quicken Loans' customer service representative in resolving the issue, but Defendant Quick Loans' representative refused to help Plaintiff resolve its mistake.

15.   Plaintiff was forced to re-draft the payment with the same information he originally provided on December 27, 2019, which was successful.

16.   However, Defendant Quicken Loans immediately marked Plaintiff's credit for a late payment. Defendant Quicken Loans furnished misleading and incomplete information regarding the late payment to credit reporting agency, Experian. This has resulted in a negative effect on Plaintiff's credit score.

17.   Plaintiff's is informed, upon valid information and belief, that Experian reported Plaintiff's payment as late on Plaintiff's consumer credit report.

18.   Such derogatory information was false, misleading or incomplete.

19.   On or around January 5, 2020 Plaintiff sent Defendant Quicken Loans a letter requesting a removal of the late payment from his credit reports, as the reason for the late payment was a technical error on Defendant Quicken Loans part and Plaintiff's payment would have been submitted on time but for Defendant Quicken Loans' error. Even through it was an error on Defendant Quicken Loans' part which caused Plaintiff's late payment, Defendant Quicken Loans denied Plaintiff's dispute.

21.   Defendant failed to reasonably reinvestigate and permitted the erroneous derogatory information on Plaintiff's consumer credit report.

22.   Despite Plaintiff's written dispute to Defendant that the information was inaccurate and derogatory, Defendant Quicken Loans continued to furnish the inaccurate and derogatory information to credit reporting agencies. As the time of the filing this Complaint or within two years, Defendant has continued to report erroneously and derogatorily on Plaintiff's credit report despite his request for correction.

23.   Defendant Quicken Loans is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other

3

Complaint

persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

24.    As a result of Defendant's inaccurate reporting of Plaintiff, Plaintiff's credit score decreased. Plaintiff was/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

25.    The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

26.  The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

27.    Plaintiff has been damaged, continues to be damaged, in the following ways:

a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people known and unknown.

b. Decreased credit score which may result in inability to obtain credit on future attempts; and

c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

28.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

29.    At all times pertinent hereto, the conduct of Defendant as well as that of their agents, servants and/or employees was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

30.    Defendant Quicken Loans violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C.  §1681s-2(b):

a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit

reporting agencies and other entities despite knowing that said information was inaccurate; and,
b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681S-2.

31.     Similarly, Defendant Quicken Loans violated Cal. Civ. C. § 1785.25 by negligently and willfully furnishing information to the credit reporting agencies it knew or should have known to be inaccurate.

34.      Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

35.     Further, Defendant failed to notify Plaintiff of their intention to report negative information on his credit reports.  Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

36.     As a result of the above violations of the FCRA and CA CCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

37.     Plaintiff reincorporates by reference all of the preceding paragraphs.

38.     To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.     Actual damages;
B.     Statutory damages for willful and negligent violations;
C.     Costs and reasonable attorney's fees; and,
D.     For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

39**.**     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40.      To the extent that Defendants' actions, counted above, violated the CA CCRA, those actions were done knowingly and willfully.

41.     Based on these violations of Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)  Actual damages;
(b) Statutory damages;
(c) Costs and reasonable attorney's fees;
(d) For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

42.     Plaintiff, pursuant to his rights under Article 1, Section 16 of the Constitution of the State of California, demands a trial by jury on all issues so triable.

Respectfully submitted this 8th day of February, 2021

By:    __/s/ Todd M. Friedman_____
       Todd M. Friedman, Esq.
       Law Offices of Todd M. Friedman, P.C.
       Attorney for Plaintiff